IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARUN BATAVIA,<br><br>              Plaintiff,<br><br>v.<br><br>PHUNWARE, INC. f/k/a STELLAR ACQUISITION III INC.,<br><br>              Defendant. | Civil Action No.   19cv9305<br><br>**COMPLAINT** |

Plaintiff Arun Batavia ("*Plaintiff*") hereby claims of the defendant, Phunware, Inc. ("*Phunware*" or "*Defendant*"), formerly known as Stellar Acquisition III Inc. ("*Stellar*"), and says:

## NATURE OF CLAIM

1.  Plaintiff seeks to recover compensation that is undisputedly due and owing from Defendant under a written agreement pursuant to which Plaintiff and StillPoint Capital, LLC ("*StillPoint*"), which has assigned its rights under the agreement to Plaintiff, agreed to introduce institutional investors to Defendant and Defendant agreed to pay certain fees to Plaintiff and StillPoint. It is undisputed that Plaintiff performed as required under the agreement, but that Defendant has failed and refused to pay the outstanding balance of the fees due and owing in the amount of $150,000, plus the attorneys' fees and costs incurred by Plaintiff in prosecuting this action. Plaintiff respectfully requests the entry of a judgment against Defendant in these amounts.

## JURISDICTION & VENUE

2.  Venue is laid pursuant to and in accordance the forum selection clause contained in the agreement, which provides that all the parties agreed that for any judicial proceeding arising

out of the agreement, the exclusive jurisdiction and venue will be any court of the State of New York located in the City and County of New York, or the United States District Court for the Southern District of New York.

3. This court possesses jurisdiction over this matter pursuant to the agreement by Defendant whereby Defendant agreed that for any judicial proceeding arising out of the agreement, the exclusive jurisdiction and venue will be any court of the State of New York located in the City and County of New York, or the United States District Court for the Southern District of New York.. This court also possesses jurisdiction under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000, and is between citizens of different states.

## PARTIES

4. Plaintiff is an individual residing at 3011 NW Montara Loop, Portland, Oregon 97229.

5. Phunware is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located at 7800 Shoal Creek Boulevard, Austin, Texas 78757. On December 26, 2018, Stellar merged with and into Phunware, and in connection with that merger transaction, Stellar changed its corporate name to "Phunware, Inc."

## SPECIFIC ALLEGATIONS

I. **The Agreement**

6. On or about April 24, 2018, Plaintiff and StillPoint and Stellar entered into a letter agreement (the "*Agreement*") pursuant to which Stellar engaged Plaintiff and StillPoint to provide advice on an institutional capital raise by Stellar in connection with Stellar's business combination/merger with Phunware. See **Exhibit "A"**.

7.  Pursuant to the Agreement, Plaintiff and StillPoint agreed to introduce Stellar on a best-efforts basis to one or more institutional investors listed on Exhibit A to the Agreement, as updated from time to time by mutual agreement of the parties.

8.  Plaintiff and StillPoint also agreed that they would (a) advise and assist Stellar in identifying potential Investors, as defined in the Agreement, and would on behalf of Stellar contact potential Investors listed on Exhibit A, or as identified by Stellar; and (b) assist Stellar in the course of its negotiation of a Capital Raise Transaction, as defined in the Agreement, with a potential Investor.

9.  Section 2 of the Agreement set forth the fees to be paid by Stellar as follows:

> The Company shall pay Advisor for its services hereunder, upon the closing of a Capital Raise Transaction and as otherwise provided in this Agreement, a cash fee equal to two and one-half percent (2.5%) of the capital commitment of each Investor during the term of this Agreement ("Success Fee"), provided, however, the minimum Success Fee payable to Advisor shall be $250,000 in the event the total capital commitments of all Investors are below $10,000,000 in the aggregate. This Success Fee shall be paid at the closing of the Merger Transaction.

10. Section 3 of the Agreement also required Stellar to pay Plaintiff and StillPoint a compliance fee of $10,000, upon execution of the Agreement, payable as follows: $5,000 within five (5) days of signing the Agreement, and $5,000 on or before May 31, 2018.

11. Section 3 of the Agreement further provides that in addition to the fees payable under the Agreement, and regardless of whether any Capital Raise Transaction is proposed or consummated, Stellar shall reimburse Plaintiff and StillPoint for all reasonable out of pocket expenses incurred by Plaintiff and StillPoint, up to $5,000 in the aggregate, for pre-approved travel, food, lodging and other reasonable out-of-pocket expenses incurred by Plaintiff and StillPoint in connection with the services performed pursuant to the Agreement.

12. Section 9(a) of the Agreement provides that the validity and interpretation of the Agreement shall be governed by the law of the State of New York applicable to Agreements made and to be fully performed therein.

13. Section 9(a) of the Agreement also sets forth an alternative dispute resolution procedure:

> Any dispute that arises under this Agreement initially will be mediated by a mutually acceptable meditator to be chosen by Advisor and the Company within 15 days after written notice from either party demanding mediation. Neither party may unreasonably withhold consent to the selection of a mediator, and the parties will share the costs of the mediation equally. Any dispute which the parties cannot resolve through mediation within one month of the date of the initial demand for it by one of the parties may then be submitted to binding arbitration under the rules of the American Arbitration Association. The use of mediation will not be construed under the doctrine of laches, waiver or estoppel to affect adversely the rights of either party. Nothing in this paragraph will prevent either party from resorting to judicial proceedings if (a) good faith efforts to resolve the dispute under these procedures have been unsuccessful or (b) injunctive or other equitable relief from a court is reasonably necessary to prevent serious and irreparable injury. The parties hereto agree that for any judicial proceeding arising out of this Agreement, the exclusive jurisdiction and venue will be any court of the State of New York located in the City and County of New York, or the United States District Court for the Southern District of New York (and any appellate courts thereof), and the parties agree to accept service by mail sent to the address of the parties as set forth in this Agreement or as notified by written correspondence and made a part thereof.

14. The Agreement also contains an indemnification provision, which provides that Steller agrees to indemnify and hold harmless Plaintiff and StillPoint against any and all losses, claims, damages, obligations, penalties, judgments, awards, liabilities, costs, expenses and disbursements, including, without limitation, the reasonable costs, expenses and disbursements, as and when incurred, of investigating, preparing or defending any such action, suit, proceeding or investigation, directly or indirectly, caused by, relating to, based upon, arising out of, or in connection with Plaintiff and StillPoint's performance of services for Steller under the Agreement.

B. **Defendant Fails to Pay the Agreed Upon Fee to Plaintiff and StillPoint**

15. Plaintiff and StillPoint raised capital as required under the Agreement, which enabled Stellar to merge with and into Phunware.

16. The minimum fee of $250,000 was triggered as a result of the capital raise by Plaintiff and StillPoint.

17. Phunware paid $50,000 to Plaintiff and StillPoint after the closing of the merger transaction.

18. In addition, Phunware delivered stock in lieu of an additional $50,000 payment, which Plaintiff and StillPoint accepted.

19. However, Phunware has failed and refused to pay the balance of $150,000 due and owing to Plaintiff and StillPoint under the Agreement.

20. Akis Tsirigakis, the Co-CEO of Stellar, admitted that the fee is due and owing to Plaintiff and StillPoint, as he stated in an email dated January 1, 2019, that "[t]he plan is StillPoint will get paid tomorrow $50k plus $150k in [Promissory Notes]. The StillPoint [Promissory Note] is for $50k, $50k and $50k in end-Feb., April, June respectively." See **Exhibit "B"**.

21. To date, Phunware has not paid any of the remaining balance of fees due to Plaintiff and StillPoint, nor has Phunware executed any Promissory Note in favor of Plaintiff and StillPoint.

C. **Plaintiff Demands Mediation In Accordance With the Agreement But Phunware Fails To Respond**

22. On August 1, 2019, Plaintiff, through counsel, wrote to Phunware and demanded, in writing, mediation pursuant to Section 9(a) of the Agreement. See **Exhibit "C"**.

23. To date, Plaintiff has not received a response to his written demand for mediation.

24. As such, the parties have failed to resolve this dispute through mediation within one month of the date of the initial demand.

25. Because Plaintiff's good faith efforts to resolve the dispute under the procedures set forth in the Agreement have been unsuccessful, Plaintiff hereby institutes this action in the United States District Court for the Southern District of New York.

## FIRST COUNT

### (Breach of the Agreement)

26. Plaintiff repeats and realleges the allegations set forth in the General Allegations and Specific Allegations of the Complaint as if set forth more fully at length herein.

27. Plaintiff and StillPoint and Defendant entered into a valid and enforceable contract in the form of the Agreement.

28. Defendant has breached the terms of the Agreement by failing to pay $150,000, which is the balance of the fee due and owing to Plaintiff and StillPoint under Section 2 of the Agreement.

29. Defendant's aforementioned conduct constitutes a material breach of the Agreement.

30. As a result of Defendant's breach of the Agreement, Plaintiff and StillPoint have incurred compensatory and consequential damages, including attorneys' fees and costs.

31. StillPoint has assigned to Plaintiff all of its rights to pursue claims against Phunware for fees owed and damages sustained pursuant to the Agreement.

**WHEREFORE**, plaintiff Arun Batavia demands the entry of judgment against defendant Phunware Inc. in the amount of $150,000, plus an award of interest, costs of suit, attorney's fees and other relief deemed equitable by the court.

## SECOND COUNT

### (Breach of Duty of Good Faith and Fair Dealing In Connection With the Agreement)

32. Plaintiff repeats and realleges the allegations set forth in the General Allegations and Specific Allegations and the First Count of the Complaint as if set forth more fully at length herein.

33. At all times upon entering into the Agreement, Defendant owed an affirmative obligation and implied duty of good faith and fair dealing to Plaintiff and StillPoint for Defendant to perform its contractual duties in good faith to the ultimate benefit of Plaintiff and StillPoint.

34. Defendant has failed to perform its duties and obligations under the Agreement in good faith, and has breached its implied duty of good faith and fair dealing.

35. As a result of Defendant's breach of its implied duty of good faith and fair dealing, Plaintiff and StillPoint have incurred compensatory and consequential damages, including attorneys' fees and costs.

36. StillPoint has assigned to Plaintiff all of its rights to pursue claims against Phunware for fees owed and damages sustained pursuant to the Agreement.

**WHEREFORE**, plaintiff Arun Batavia demands the entry of judgment against defendant Phunware Inc. in the amount of $150,000, plus an award of interest, costs of suit, attorney's fees and other relief deemed equitable by the court.

## THIRD COUNT

### (Unjust Enrichment)

37. Plaintiff repeats and realleges the allegations set forth in the General Allegations and Specific Allegations and the First and Second Counts of the Complaint as if set forth more fully at length herein.

38. Defendant has received and obtained a benefit in the form of the services provided by Plaintiff and StillPoint under the Agreement, which led directly to the merger between Stellar and Phunware, without providing the agreed upon consideration to Plaintiff and StillPoint.

39. Such benefit is at the expense and detriment of Plaintiff and StillPoint, and Defendant has knowledge and / or appreciation of such benefit.

40. Acceptance and retention of such benefit under the circumstances by Defendant without payment for the reasonable value thereof would be inequitable and unjust.

41. Defendant has been unjustly enriched and Plaintiff and StillPoint are entitled to payment of the aforementioned monies plus interests, attorney's fees and costs paid.

42. StillPoint has assigned to Plaintiff all of its rights to pursue claims against Phunware for fees owed and damages sustained pursuant to the Agreement.

**WHEREFORE**, plaintiff Arun Batavia demands the entry of judgment against defendant Phunware Inc. in the amount of $150,000, plus an award of interest, costs of suit, attorney's fees and other relief deemed equitable by the court.

## FOURTH COUNT
### (Indemnification)

43. Plaintiff repeats and realleges the allegations set forth in the General Allegations and Specific Allegations and the First through Third Counts of the Complaint as if set forth more fully at length herein.

44. Plaintiff has incurred attorneys' fees, costs and other disbursements as a direct and indirect result of Plaintiff and StillPoint providing services to Defendant under the Agreement.

45. Defendant is obligated under the Agreement to fully indemnify Plaintiff for all such fees, costs and disbursements incurred in connection with prosecuting this action.

**WHEREFORE**, plaintiff Arun Batavia demands the entry of judgment against defendant Phunware Inc. for the costs of suit, attorney's fees and costs, and all other costs incurred in connection with this action in an amount to be determined by the court, and other relief deemed equitable by the court.

By: */s Matthew N. Fiorovanti*

Matthew N. Fiorovanti
**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Suite 300
Red Bank NJ 07701-6777
(732) 741-3900
(732) 224-5482 Fax
mfiorovanti@ghclaw.com
*Attorneys for Plaintiff*

DATED: October 8, 2019
Docs #3938768-v1